IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>            Plaintiff,        )<br>                              )   Case No. 13-40070-JAR<br>v.                            )<br>                              )<br>SCOTT DEPPISH,                )<br>                              )<br>            Defendant.        )<br>_____) | |

**GOVERNMENT RESPONSE TO DEFENDANT'S MOTION
TO SUPPRESS RESIDENTIAL SEARCH WARRANT**
(Doc. 20)

The United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Christine E. Kenney, Assistant United States Attorney for said District, submits this response in opposition to the defendant's Motion to Suppress Residential Search Warrant.  (Doc. 20.)   The Court should overrule and deny this motion because 1) there was probable cause to support the issuance of the warrant; 2) any omitted material would not have changed the finding of probable cause; and 3) search was valid under the good faith exception to the exclusionary rule.

**I.    Factual Background**

Because the facts relevant to the resolution of the defendant's motion are intertwined with the facts relevant to the defendant's Motion to Suppress Yahoo Email Search Warrant (Doc. 19), the government incorporates the factual background from its response to that motion.

1

II.     **Argument and Authority**

There also are overlaps with the issues raised by the defendant in the two motions to suppress. Thus, the government incorporates its arguments and authorities from its response to Doc. 19 into this response.

    A.     **Probable Cause**

The defendant challenges the search warrant for his residence on the basis that the affidavit failed to establish probable cause. The defendant argues, 1) that the images described in the affidavit of Detective Odell are not child pornography and do not depict sexually explicit conduct; and 2) that there is insufficient nexus between the images, email address, and IMGSRC, to the defendant's residence.

**The images meet the definition of child pornography.**

The government adopts the arguments and authorities from its response to the defendant's Motion to Suppress Yahoo! Email Search Warrant. Detective Odell's affidavit set forth sufficient facts, including a description of the images, for the state court judge to find probable cause to issue the warrant.

**There is a sufficient nexus between the images, email address and IMGSRC, and the defendant's residence.**

In order to find probable cause to issue a warrant, there must be a "nexus between [the contraband to be seized] or suspected criminal activity and the place to be searched." *United States v. Potts*, 559 F. Supp. 2d 1162, 1171 (D. Kan. 2008) aff'd, 586 F.3d 823 (10th Cir. 2009). "It is reasonable to assume that certain types of evidence would be kept at a defendant's residence and an affidavit need not contain personal observations that a defendant did keep such evidence at his residence." *United States v. Reyes*, 798 F.2d 380, 382 (10th Cir. 1986); *United States v. Hargus*, 128 F.3d 1358, 1362 (10th Cir.1997). "Probable cause to search a location

2

does not depend on direct evidence or personal knowledge that evidence or contraband is located there." *United States v. Harvey*, 514 F. Supp. 2d 1257, 1261 (D. Kan. 2007) (citing *Hargus*, at 1362). "A nexus between the objects to be seized and the place to be searched for them is established when the circumstances set out in the affidavit would warrant a person of reasonable caution to believe that the articles sought would be found at the place to be searched." *Hargus*, 128 F.3d at 1362. This nexus "may be established through ... normal inferences as to where the articles sought would be located." *Harvey*, 514 F.Supp.2d at 1261.

Crimes involving child pornography are tied to a place of privacy and seclusion. *United States v. Wagers*, 452 F.3d 534, 540 (6th Cir. 2006). Because of the nature of the images, collectors want to hide them in a secure place, such as a private residence. *United States v. Riccardi*, 405 F.3d 852, 861 (10th Cir.2005); *See also Potts*, at 1171-72.

According to Detective Odell's affidavit, the defendant admitted during his interview that there were computers in the house, and that he used his computer to access the Russian website. The defendant admitted that he used his computer to look at pornography, and that he had viewed nudist colony images that included young children. The defendant admitted that the girl in the photograph from dirtyoldman71's IMGSRC album looked like his granddaughter. The defendant denied knowledge or responsibility for the user name dirtyoldman71, and the email pigfarmer1971. The defendant also denied taking any photograph of his grandchildren and posting them on the internet. Further, Detective Odell stated that the defendant's daughter identified the girl in the IMGSRC album as her daughter, and the location of the photograph was a pullout couch in the attic of the defendant's residence.

Moreover, Detective Odell included in his affidavit information regarding the types of evidence typically found in cases of possession of child pornography. Detective Odell noted that

based on his training and experience, he would expect to find items tying the defendant to crimes described by Kansas Statute Annotated 21-5510, Sexual Exploitation of a Child. Such evidence included computers and other electronic devices, digital storage devices, including indications of ownership, along with documents in any form identifying other individuals involved in the sexual exploitation of children.

Based upon the information contained in Detective Odell's affidavit, it was reasonable for the magistrate to assume that evidence of crimes involving child pornography would be located in the defendant's residence.

### B.     Omission of Email Search Results from Affidavit

The defendant argues that Detective Odell omitted substantial exculpatory evidence from his affidavit, and as a result, he is entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). However, the omitted information was not material to the judge's probable cause determination. Even if this Court were to find the omission material, adding that information into the affidavit would not have altered the judge's decision to issue the warrant.

There is a presumption of validity that attaches to affidavits supporting a search warrant. *United States v. Barrera*, 843 F.2d 1576, 1579 (10th Cir1988). "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Soderstrand*, 412 F.3d 1146, 1152 (10th Cir.2005) (quotation and citation omitted). In making this determination, a magistrate judge considers an informant's reliability and basis of knowledge. *Gates*, at 233.

A search warrant is invalid where, 1) the affiant intentionally, or with reckless disregard for the truth, includes false statements in or omits material information from an affidavit; and 2)

4

after deleting the false statements or considering material omissions, a corrected affidavit would not support a finding of probable cause. *Stewart v. Donges*, 915 F.2d 572, 582 (10th Cir.1990). Omitted information is only "material" if it is "so probative as to negate probable cause." *Id.* at 581–83. In order to determine if an affidavit sufficiently establishes probable cause regardless of omissions or inaccuracies, the reviewing court should "delete false or misleading statements and insert the omitted truths." *Id.* at 582 n. 13. If the inclusion of the omitted information "would not have altered the ... judge's decision to authorize the search, then the fruits of the challenged search need not be suppressed." *United States v. Avery*, 295 F.3d 1158, 1167 (10th Cir.2002) (citations omitted).

The defendant does not argue that Detective Odell included false information in the affidavit, but that he failed to include information the defendant described as exculpatory. The omitted information was that Agent Kanatzar did not find child pornography images in the defendant's Yahoo! email account, and that there were no responses from dirtyoldman71to the comments posted on his IMGSRC album. However, this information was not exculpatory.

The implication of the defendant's argument is that the lack of child pornography in the email account made it less likely that child pornography would be found at the defendant's residence. However, based upon the facts of this case – notably that a picture of the defendant's granddaughter was taken in the defendant's residence and was uploaded to an on-line photo album connected to an email account identified as belonging to the defendant – the absence of the search results from the Yahoo! account was not fatal.

Even if this Court were to consider the omitted material regarding the results of Agent Kanatzar's Yahoo! email search, the core facts would still justify the state court judge's decision to issue a search warrant covering the defendant's residence. Moreover, there is no need for an

5

evidentiary hearing because the omission is known.  *See*, *United States v. Ross*, 920 F.2d 1530, 1533 (10th Cir.1990) (to mandate an evidentiary hearing, the defendant's challenge "must be more than conclusory and must be supported by more than a mere desire to cross-examine.")

### C.    Good Faith Exception

The government adopts the authorities and arguments from its response filed to the defendant's Motion to Suppress Yahoo Email Search Warrant.  Assuming for the sake of argument that the search warrant for the defendant's residence was defective, the search would still be valid under the good faith exception to the exclusionary rule.

### Conclusion

For the above reasons, and the reasons outlined in its response filed to the defendant's Motion to Suppress Yahoo Email Search Warrant, the Court should overrule and deny the defendant's Motion to Suppress Residential Search Warrant.  The warrant was supported by probable cause.  Further, any omitted information from the affidavit, if material, would not have changed the court's finding of probable cause.  Regardless, the search was valid under the good faith exception to the exclusionary rule

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

/s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant U.S. Attorney
444 SE Quincy, Room 290
Topeka, KS   66683
(785) 295-2850
christine.kenney@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2013, I electronically filed the foregoing Notice with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant United States Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
christine.kenney@usdoj.gov
